OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Ray Glenn Fullwood, filed November 2, 2007. On January 23, 2006, Fullwood was indicted on one count of *Page 2 
possession of crack cocaine, in violation of R.C. 2925.11(A), a felony of the third degree. Fullwood entered a plea of not guilty, and on June 20, 2007, Fullwood filed a motion to suppress, which the trial court overruled following a hearing, on August 2, 2007. Following a jury trial on September 17-18, 2007, Fullwood was convicted of one count of possession of crack cocaine in an amount equal to or greater than five grams but less than 10 grams. On October 2, 2007, the trial court sentenced Fullwood to a mandatory term of one year in prison.
 {¶ 2} Fullwood's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Fullwood of his counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 3} The events giving rise to this matter began shortly after 5:10 a.m. on November 6, 2005, while Dayton Police officers Brian Dedrick and Paul Saunders were on patrol in a marked cruiser near Neal Avenue. The officers were conducting "zero tolerance" enforcement in response to numerous complaints of drug activity and prostitution in the 800 block of Neal Avenue. "Zero tolerance" enforcement means that all laws are strictly enforced, even minor ones such as jaywalking. The officers had also been specifically instructed to trespass anyone found at 832 Neal Avenue from the premises.
 {¶ 4} As the officers proceeded southbound down Bellvue Avenue, approaching the intersection with Neal Avenue, they observed Fullwood along the west side of the property at 832 Neal Avenue. Upon observing the police cruiser, Fullwood ran toward the back yard of the *Page 3 
property. Dedrick exited the passenger side of the cruiser and pursued Fullwood on foot, while Saunders proceeded east down Neal Avenue to Richmond Avenue, where he turned right and then entered an alley parallel to Neal. Dedrick caught Fullwood in the alley after Fullwood slipped and fell, and he handcuffed him to prevent him from fleeing again. Saunders reached the men and took control of Fullwood, while Dedrick returned to 832 Neal Avenue to determine if anyone else was in the residence.
 {¶ 5} Saunders patted Fullwood down, finding no weapons. Fullwood said to Saunders, "Why am I under arrest? I'm just a crackhead. I was out here smokin' crack." Saunders told Fullwood that he was not under arrest, and he placed him in the back of the cruiser to complete the trespass paperwork. Dedrick returned, and the officers prepared to release Fullwood with a warning. When Dedrick opened the rear cruiser door, he observed a clear bag containing a white substance on the floor next to Fullwood's feet. Fullwood was wearing white tennis shoes that had velcro straps, and the officers observed that the velcro on his left shoe had been loosened and the tongue of the shoe was up as if Fullwood had just slipped the shoe off of his foot. The officers removed Fullwood from the cruiser, field tested the white substance with cobalt reagent, and placed Fullwood under arrest when the test indicated the presence of cocaine. Fullwood was not interrogated prior to transport to jail.
 {¶ 6} At the suppression hearing, Saunders testified. In overruling Fullwood's motion to suppress, the trial court determined that the officers had a reasonable articulable suspicion of criminal activity, noting that headlong flight is suggestive of wrongdoing, and that Fullwood was not authorized to be on the Neal Avenue property. The court found that Saunders' detention of Fullwood did not exceed the scope of aTerry stop. The court noted that the drugs were not *Page 4 
found as the result of a search but were in plain view. Regarding Fullwood's spontaneous statements, the court noted that Fullwood was not subject to interrogation and determined there was no violation of hisMiranda rights such that his statements were subject to suppression. Finally, the court determined that the length of Fulllwood's detention in the back of the cruiser "was reasonable based on all of the circumstances."
 {¶ 7} At trial, Dedrick, Saunders, Brian Wilson, Jail Records Officer, and Carlene Maynes, Keeper of Dispatch Records, testified for the State. Fullwood also testified. According to Fullwood, he and four or five other people had been smoking crack at the Neal Avenue address. He stated that he ran upon seeing the cruiser because he was startled. According to Fullwood's testimony, the drugs were not his and he did not see them in the cruiser until Dedrick asked him what they were. According to Saunders' and Dedrick's testimony, the officers follow a standard procedure at the start of every shift, and each time a citizen has access to their cruiser. The officers inspect the interior and exterior of the cruiser for contraband or anything else that may have been left behind. Pursuant to this practice, the rear area of the cruiser would have been empty when Fullwood was placed inside.
 {¶ 8} As noted above, Fullwood's counsel has not argued any specific issue in this appeal. We have conducted a thorough and independent review of the trial court's proceedings and also have found no error having arguable merit. Accordingly, the judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.
 Copies mailed to: *Page 5 
Johnna M. Shia
Charles M. Blue
Ray G. Fullwood
 Hon. Mary Katherine Huffman *Page 1